ROBERT L. BLAND. Judge.
The record of the claim, involved in this case was prepared by the state road commissioner and filed with the clerk of the court of claims on the 14th day of November, 1949, to be informally considered by the court upon the said record so made and submitted, as authorized by section 17 of the court act.
On the 7th day of July, 1949, employes of the state road commission were working on state route No. 28 in Randolph county. The commission’s shovel, operated by one Ray Hel-mick, was being used on, a portion of the highway which had been partially washed away during a recent flood and which had caused extensive damage to property in that section of West Virginia. At the point where the shovel was at work traffic could only pass when the cab and tracks of the shovel were in alignment. This situation required two flagmen, one behind and one in front of the traffic. The duties of the flagman .behind were to stop all traffic and await a signal from the front flagman before allowing traffic to pass. It was the duty of the front flagman to notify the shovel operator when to align and stop the shovel to allow the traffic to pass and to notify the flagman behind to flag traffic through. It was then further the front flagman’s duty to signal Mr. Helmick that all traffic was through and to resume work.
Claimant’s bus was traveling on the highway in question while the shovel was at work. When its bus approached that point on the road where the shovel was being used the driver *111 of the bus was duly signaled to stop and did so. Thereafter one of the flagmen observed a motor vehicle approaching from the opposite direction and threw up his hand to signal it to stop. Helmick, the operator of the shovel, interpreted the signal as being an indication to proceed with the shovel. George B. Edmiston, who was temporarily acting as front flagman, in a very comprehensive report made to the road commission as to circumstances attending the accident stated that all usual procedure with respect to stopping and starting traffic was substantially carried out up to the point of the “all clear” sign to Helmick, the operator of the shovel. The traffic was coming through and the shovel was stopped. Claimant’s bus was the last vehicle which was in line. Just before the bus started through Edmiston turned to flag an oncoming car from the opposite direction. As he threw up his hand to stop this vehicle Helmick apparently interpreted the action as an “all clear” signal to him and he started his vehicle. As claimant’s bus passed the shovel swung. The counter weight on the rear of the shovel struck the bus causing the accident for which an award in the amount of $160.88 is sought by claimant to compensate it for the damages sustained to its vehicle.
The head of the agency concerned concurs in the claim and the attorney general’s office approves it as a claim which in view of the purpose of the act creating the court of claims should be paid by the state.
It is observed that the proximate cause of the accident was the action of the operator of the shovel in swinging the shovel after claimant had been given the “go ahead” sign. Under the circumstances disclosed by the record we are of the opinion that the claim is a meritorious one and should be approved.
An award is therefore made in favor of claimant Reynolds Transportation Company for the said sum of one-hundred sixty dollars and eighty-eight cents ($160.88).